**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 28, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KENT PROFFIT,

      Petitioner - Appellant,

v.

STATE OF WYOMING,

      Defendant - Appellee.

No. 11-8064
(D. Wyo.)
(D.C. No. 2:10-CV00260-CAB)

**ORDER DENYING CERTIFICATE OF APPEALABILITY,**
**AND DISMISSING APPEAL**

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Kent Proffit, Sr., a Wyoming state prisoner proceeding pro se[1] and *in forma pauperis*, wants to appeal from the district court's denial of his 28 U.S.C. § 2254 habeas petition. The district court dismissed the petition as untimely. Because that decision is not even debatably incorrect, we deny his request for a Certificate of Appealability (COA).

## I.   BACKGROUND

Proffit was convicted by a jury of first degree murder and conspiracy to commit

---

[1] We liberally construe Proffit's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

first degree murder. He was sentenced to life imprisonment without the possibility of parole. The Wyoming Supreme Court affirmed his conviction and sentence on September 3, 2008, and the United States Supreme Court denied certiorari on January 26, 2009. *See Proffit v. State*, 191 P.3d 974, 984 (Wyo. 2008), *cert. denied*, 129 S. Ct. 1048 (2009).

On September 4, 2009, Proffit filed a petition for post-conviction relief in state court. The trial court dismissed the petition on January 11, 2010. On May 5, 2010, Proffit attempted to appeal from that dismissal. On May 19, 2010, the Wyoming Supreme Court dismissed the appeal because Proffit had failed to comply with Rule 13.01 of the Wyoming Rules of Appellate Procedure, which requires individuals seeking review of orders dismissing post-conviction petitions to do so via a petition for writ of review, not an appeal. Proffit moved for reconsideration in June 2010; the Wyoming Supreme Court denied the motion as time-barred. He filed the instant § 2254 petition on November 30, 2010.

The district court dismissed Proffit's § 2254 petition as untimely. It concluded Proffit's conviction became final and the one-year statute of limitations began to run on January 26, 2009, when the United States Supreme Court denied certiorari review. *See* 28 U.S.C. § 2244(d)(1)(A); *see also Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (under § 2244(d)(1)(A), "the judgment is not final and the one-year limitation period . . . does not begin to run until after the United States Supreme Court has denied review . . . ."). The statute ran until September 4, 2009 (a total of 221 days), when it was

tolled due to Proffit filing his state petition for post-conviction relief.[2] *See* 28 U.S.C. §

2244(d)(2) ("The time during which a properly filed application for State post-conviction

or other collateral review with respect to the pertinent judgment or claim is pending shall

not be counted toward any period of limitation under this subsection."). The statute

remained tolled until January 11, 2010, when the trial court denied the petition. At that

time, Proffit had 144 days or until June 4, 2010, in which to file his § 2254 petition.

Because he did not do so until November 30, 2010, the district court concluded it was

time-barred.

While Proffit attempted to "appeal" from the denial of his petition for post-

conviction relief on May 5, 2010, the district court determined the appeal did not toll the

limitations period under 28 U.S.C. § 2244(d)(2) because it was not timely filed[3] and

therefore was not a "properly filed application for State post-conviction . . . review." *See*

_____

[2] Proffit claims he filed his state petition for post-conviction relief on August 28, 2009. It appears Proffit is relying on the "prison mailbox rule." That rule was first articulated in *Houston v. Lack*, where the Supreme Court held a notice of appeal by a pro se prisoner is considered filed at the time he or she delivers it to prison authorities for forwarding to the court clerk. 487 U.S. 266, 276 (1988). We have extended the rule to the filing of § 2254 petitions. *See Marsh v. Soares*, 223 F.3d 1217, 1218 & n.1 (10th Cir. 2000) (§ 2254 petitions). However, "the *federal* mailbox rule . . . does not apply to § 2244(d)(2) for purposes of determining when the tolling period for a properly-filed state petition begins." *Adams v. LeMaster*, 223 F.3d 1177, 1181 (10th Cir. 2000) (emphasis added). Rather, we must turn to state law to determine when a state petition for post-conviction relief is "properly filed" under § 2244(d)(2). *Id.* We have yet to determine whether Wyoming recognizes a prison mailbox rule in determining when a petition for post-conviction relief is filed in its courts. Nevertheless, we need not resolve the issue because even assuming Proffit's petition for post-conviction relief was "properly filed" on August 28, 2009, his § 2254 petition is still untimely.

[3] Rule 13.03 of the Wyoming Rules of Appellate Procedure requires petitions for a writ of review to be filed within fifteen days after the district court's order and therefore Profitt's May 5, 2010 "appeal" was untimely.

*Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (stating a "petition filed after a time limit, and which does not fit within any exceptions to that limit, is [not] 'properly filed'" under § 2244(d)(2)). Even assuming, however, the attempted appeal tolled the limitations period until May 19, 2010, the date the Wyoming Supreme Court dismissed it, the court concluded Proffit had until October 10, 2010 (144 days from May 19, 2010) to file his § 2254 petition. Again, he did not file it until November 30, 2010, fifty-one days late.[4] As to Proffit's motion for reconsideration of the dismissal of his "appeal," the court determined it too was not a "properly filed application for State post-conviction . . . review" under 28 U.S.C. § 2244(d)(2) because it was untimely. *Id.* Therefore, it did not toll the limitations period.

The district court also concluded Proffit was not entitled to equitable tolling of the limitations period as he had not shown his failure to timely file his § 2254 petition was "due to anything other than lack of diligence." (R. at 253.) While Proffit attributed his untimeliness to not having an attorney, a lack of physical access to the law library, and inexperience with the prison's computer-based legal research system, the court decided these circumstances were not extraordinary since he did have access to legal material through the prison's "cell delivery system" and was allowed one hour every other day to perform legal research.[5] *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)

---

[4] It appears the district court should have deemed Proffit's § 2254 petition filed on November 9, 2010, the date he deposited it in the prison mail system. *See supra* n.2. However, even giving him the benefit of the prison mailbox rule, his petition would be untimely.

[5] In the alternative, the district court determined all but four of Proffit's claims

(equitable tolling of the limitations period "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control").

## II.    DISCUSSION

A COA is a jurisdictional prerequisite to our re-view of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In a cogent order, the district court thoroughly and correctly addressed and resolved the timeliness issue. No jurist of reason could reasonably debate the correctness of that decision. Notably, Proffit does not even address the timeliness issue in his COA

---

were procedurally defaulted and Proffit had failed to show the Wyoming courts' resolution of his claims satisfied the "highly deferential" standard of 28 U.S.C. § 2254(d). S*ee Harrington v. Richter*, -- U.S. --, 131 S. Ct. 770, 788 (2011). Since Proffit's § 2254 petition is clearly time-barred, we need not address the district court's alternative holding.

application; instead, he argues the merits of his claims.

We **DENY** a COA and **DISMISS** the appeal.  Proffit's request for leave to file a supplemental brief is **DENIED**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge